Audra Mori, Bar No. 162850
AMori@perkinscoie.com
Katherine Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
Oliver M. Gold, Bar No. 279033
OGold@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Defendants
PENTAL GRANITE AND MARBLE, INC.
and STYLENQUAZA LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONEVILLE USA, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>PENTAL GRANITE AND MARBLE, INC., a Washington corporation; PETER PENTAL, an individual; STYLENQUAZA LLC, a Texas limited liability company; DOES 1–20, inclusive,<br><br>                    Defendants. | Case No.: CV12-4962-ODW (JCGx)<br><br>**DEFENDANT PENTAL GRANITE AND MARBLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS AGAINST IT**<br><br>**[FED. R. CIV. P. 12(b)(6)]**<br><br>*[Filed with [Proposed] Order]*<br><br>Date:           August 13, 2012<br>Time:           1:30 p.m.<br>Courtroom:   11<br>Judge:          Hon. Otis D. Wright II |

74931-0006/LEGAL23882708.3

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 13, 2012 at 1:30 p.m., or as soon after that as counsel may be heard in Courtroom 11 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California, 90012, Pental Granite and Marble, Inc. ("Pental Granite") will move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing all claims against it.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

Pursuant to Local Rule 7-3, counsel for Pental Granite notified Plaintiff's counsel of the basis for its Motion to Dismiss on July 3, 2012, and participated in a telephonic conference with Plaintiff's counsel about such matters on July 6, 2012.

Respectfully submitted,

DATED:  July 13, 2012    **PERKINS COIE LLP**

By: /s/ Katherine M. Dugdale
　　　　Katherine Dugdale

Attorneys for Defendants
PENTAL GRANITE AND MARBLE,
INC. and STYLENQUAZA LLC

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..........................................................................................1

II.   FACTUAL BACKGROUND.........................................................................1

III.  ARGUMENT ................................................................................................2

    A.    Standard for a Motion to Dismiss..................................................2

    B.    Plaintiff's FAC Fails to State a Claim for Breach of Oral
         Contract ...........................................................................................4

         1.    Plaintiff fails to allege the existence of an enforceable
              contract ..................................................................................4

              a.    Plaintiff fails to plead essential terms..............................4

              b.    Plaintiff fails to plead anything more than an
                   illusory promise ...........................................................7

         2.    Plaintiff fails to allege facts showing that it performed its
              obligations under the purported contract ...................................7

         3.    Plaintiff fails to allege resulting damage sufficiently ................9

    C.    Plaintiff's FAC Fails to State a Claim for Breach of Covenant of
         Good Faith and Fair Dealing.........................................................10

    D.    Plaintiff's FAC Fails to State a Claim for Breach of Implied
         Contract .........................................................................................11

    E.    Plaintiff's FAC Fails to State a Claim for Unjust Enrichment for
         Supplies Received .........................................................................12

    F.    Plaintiff's FAC Fails to State a Claim for Unjust Enrichment for
         the Benefit of Marketing Payments...............................................14

    G.    Plaintiff's FAC Fails to State a Claim for Common Counts of
         Work and Labor (Services) ...........................................................15

    H.    Plaintiff's FAC Fails to State a Claim for Unfair Business
         Practices........................................................................................16

IV.  CONCLUSION...........................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,
173 L.Ed.2d 868 (2009) ................................................................... 3, 4, 8, 11

*Aspray v. Fed. Home Loan Mortg. Corp.*, No. CV 11-299 PSG DTBx, 2011
WL 1532326 (C.D. Cal. Apr. 20, 2011) ............................................ 5

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990) ............. 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d
929 (2007) ........................................................................................ 2, 4, 18

*Bleecher v. Conte,* 29 Cal.3d 345 (1981) ................................................. 7

*Casden Builders Inc. v. Entre Prises USA, Inc.*, No. CV 10-2353 ODW
(CWx), 2010 WL 2889496, at *7 (C.D. Cal. July 21, 2010) .............. 13

*Celador Int'l Ltd. v. Walt Disney Co.*, 347 F.Supp.2d 846 (C.D. Cal 2004)........... 10

*Chandler v. Roach*, 156 Cal.App.2d 435 (1957) ..................................... 11

*Chodos v. W. Publ'g Co.*, 292 F.3d 992 (9th Cir. 2002) ......................... 7

*Clark v. Countrywide Home Loans, Inc.*, 732 F.Supp.2d 1038 (E.D. Cal.
2010) ................................................................................................ 16

*Compare Jogani v. Superior Court*, 165 Cal.App.4th 901 (Cal.App.2d
Dist.2008) ........................................................................................ 12

*Dahon North Am., Inc. v. Hon*, No. 2:11-cv-05835-ODW (JCGx), 2012 WL
1413681 (C.D. Cal. Apr. 24, 2012) ................................................... 2, 3

*Dorian v. Harich Tahoe Dev.*, No. C-94-3387 DLJ, 1996 WL 925859 (N.D.
Cal. Jan. 16, 1996) ........................................................................... 9

*Epstein v. Wash. Energy Co.*, 83 F.3d 1136 (9th Cir. 1996) ................... 3

*First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745, 108
Cal.Rptr.2d 23 (2001) ....................................................................... 4

*Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F.Supp.2d 1012 (N.D. Cal.
2009) ................................................................................................ 17

*Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 49 F. Supp. 2d 298, 302
(S.D.N.Y. 1999) ................................................................................ 14

*Grant v. Aurora Loan Services, Inc.*, 736 F. Supp. 2d 1257 (C.D. Cal. 2010) ......... 4

*Kazovsky v. Metrocities Mortg., LLC*, No. CV 11–06079–ODW (FMOx),
2012 WL 177333, at *4 (C.D. Cal. Jan. 23, 2012) .............................. 12, 13, 14, 16

*Lance Camper Mfg. Corp. v. Republic indemnity Co. of Am.*, 44 Cal.App.4th 194, 203 (Cal.App. 1st Dist.1996)........................................................ 12

*Lauriedale Assoc., Ltd. v.* Wilson, 7 Cal.App.4th 1439 (Cal.App. 1st Dist.1992) ........................................................................................... 13

*Lectodryer v. Seoulbank*, 77 Cal.App.4th 723 (2000) ......................... 12, 14

*Lee v. City of L.A.,* 250 F.3d 668 (9th Cir. 2001) ................................ 3, 18

*Lent v. J.P. Morgan Chase Bank, N.A.*, No. SACV 11-345 DOC RNBx, 2011 WL 5971190 (C.D. Cal. Nov. 29, 2011) .............................................. 5

*Liu v. Li*, No. EDCV 10-00952 ODW (AGR), 2012 WL 4286265 (C.D. Cal Oct. 21, 2010) ................................................................................... 6

*Lloyd v. Williams*, 227 Cal.App.2d 646 (1964) ..................................... 12

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ....................................... 4

*Mar Partners 1, LLC v. Am. Home Mortg. Servicing, Inc.*, No. C 10-02906 WHA, 2011 WL 11501 (N.D. Cal. Jan. 4, 2011) ............................... 16

*Mattei v. Hopper,* 51 Cal.2d 119 (1958) ................................................ 7

*McAfee v. Francis*, No. 11-CV-00821-LHK, 2012 WL 762118 (N.D. Cal. Mar. 6, 2012 ................................................................................... 6

*McBride v. Boughton*, 123 Cal.App.4th 379 (2004) .......................... 15, 16

*Melchior v. New Line Productions, Inc.*, 106 Cal.App.4th 779 (Cal.App.2d Dist.2003) ............................................................................... 13

*Mitchell v. Nat'l Auto. & Cas. Ins. Co.*, 38 Cal.App.3d 599 (Ct. App. 1974)......... 16

*Morales v. Chase Home Fin.* LLC, No. 10-02068 JSW, 2011 WL 1670045 (N.D. Cal. Apr. 11, 2011) ................................................................ 17

*Park v. Morgan Stanley & Co., Inc.*, No. 2:11-cv-9466-ODW (MRWx), 2012 WL 589653, at *1 (C.D. Cal. Feb. 22, 2012) .................................. 5, 17

*Perez v. Ocwen Loan Servicing, LLC*, No. 10 CV-1403-JLS (WVG), 2011 WL 2680503, at *2 (S.D. Cal. July 8, 2011) ..................................... 6

*Porter v. Jones*, 319 F.3d 483 (9th Cir. 2003) ........................................ 2

*Quintero Family Trust v. OneWest Bank, F.S.B.*, No. 09-CV-1561-IEG (WVG), 2010 WL 392312 (S.D. Cal. Jan. 27, 2010)............................. 17

*Robins v. Spokeo, Inc.*, No. CV10-05306-ODW (AGRx), 2011 WL 1793334 (C.D. Cal. May 11, 2011) .................................................................. 18

*Rochester-Genesee Transp. Auth. v. Cummins Inc.*, No. 09-CV-6370 MAT, 2010 WL 2998768, at *4 (W.D.N.Y. Jul. 28, 2010) ............................. 5

*Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) .......................... 17

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986) ............................................................................................................... 4

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ............................ 3

*Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) ..... 17

*Trinity Hotel Investors, LLC v. Sunstone OP Props., LLC*, No. SACV 07-1356 AHS (MLGx), 2009 WL 303330 (C.D. Cal. Feb. 6, 2009) ........................ 10

*U.S. Bank National Association v. PHL Variable Ins. Co.*, No. 2:11-cv-09517-ODW (RZ), 2012 WL 1525012 (C.D. Cal. April 26, 2012).................... 10

*Vaccarino v. Midland Nat'l Life Ins.*, No. CV 11–05858 CAS MANx, 2011 WL 5593883, at *7 (C.D. Cal. Nov. 14, 2011) ......................................................... 5

*Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ................... 17

*Wise v. Wells Fargo Bank, N.A.*, No. CV 1-8586 CBM PJWX, 2012 WL 1058887 (C.D. Cal. Mar. 23, 2012)................................................................... 7

**Statutes**

California Business and Professions Code section 17200 ............................ 16, 17, 18

**Regulations and Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 2, 3

Federal Rule of Civil Procedure 15.......................................................................... 3

Federal Rule of Civil Procedure 8(a)(2) .............................................................. 2, 16

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF</u>
## <u>DEFENDANT'S MOTION TO DISMISS</u>
### I.   INTRODUCTION

Anticipating that Defendant Pental Granite and Marble, Inc. ("Pental Granite") would file a collection action against it in the State of Washington, Plaintiff Stoneville USA, Inc. ("Plaintiff") preemptively filed this case.  Plaintiff failed to pay for stone products that it obtained from Pental Granite pursuant to a written agreement.  When Pental Granite sought payment for the debt, Plaintiff voluntarily returned inventory and samples, but did not pay all amounts owed to Pental Granite.  Instead, Plaintiff filed this action in an attempt to control the location of the collection litigation and to use as leverage in settling its debt. Plaintiff tries to allege that it entered into an unspecified oral/implied contract with Pental Granite.  However, even after amending its Complaint, Plaintiff's claims fail. Because no oral or implied contract exists, Plaintiff is unable to allege the elements of an enforceable contract.  In addition, Plaintiff cannot factually allege that it has performed its obligations to Pental Granite under any contract, as Plaintiff failed to pay Pental Granite for all of the stone products that it obtained, before any alleged breach by Pental Granite.  Plaintiff cannot set forth the factual allegations necessary to support its claims, and as a consequence, all claims against Pental Granite should be dismissed with prejudice.

### II.   FACTUAL BACKGROUND

On April 23, 2012, Plaintiff Stoneville USA, Inc. ("Plaintiff"), commenced this action against defendants Pental Granite, Peter Pental (collectively, the "Pental Defendants"), and Stylenquaza LLC ("Stylenquaza").  Plaintiff's original Complaint attempted to allege seven claims against the Pental Defendants for: (1) Breach of an Oral Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Breach of Implied Contract; (4) Unjust Enrichment for Supplies Received; (5) Unjust Enrichment for the Benefit of Marketing Payments; (6)

Common Counts of Work and Labor (Services); and (7) Unfair Business Practices. The Complaint also attempted to allege a specious claim against Stylenquaza for Tortious Interference with Contract. The claims in the Complaint derived from the Pental Defendants' supposed breach of an oral/implied contract to supply Plaintiff with stone products.

On June 13, 2012, Pental Granite filed its Motion to Dismiss All Claims (the "Motion"). Recognizing that its claims were inadequate, Plaintiff filed its First Amended Complaint (the "FAC") on June 26, 2012. Even though Pental Granite's Motion identified the factual allegations that Plaintiff needed to make in order to remedy its claims, Plaintiff could not add such allegations in good faith. For example, Plaintiff could not provide any additional terms of the supposed oral/implied contract, and it could not state that it had paid all outstanding sums before any alleged breach on the part of Pental Granite. Because Plaintiff has demonstrated that it cannot state its claims against Pental Granite, despite its efforts to amend, the claims should be dismissed with prejudice.

## III.   ARGUMENT

### A.   Standard for a Motion to Dismiss

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy the notice pleading requirements of Rule 8(a)(2). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *Dahon North Am., Inc. v. Hon*, No. 2:11-cv-05835-ODW (JCGx), 2012 WL 1413681, at *6 (C.D. Cal. Apr. 24, 2012). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, to state a claim, a plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Vague or nonspecific allegations of harm will not do.

Dismissal pursuant to Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted). Deciding whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When a court considers a Rule 12(b)(6) motion, it is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Dahon North Am., Inc.*, 2012 WL 1413681, at *7.

It is commonly noted that leave to amend a complaint which has been dismissed should be freely granted. Fed.R.Civ.P. 15(a). However, it is important to recognize that leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

1    1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

2    2000).

3        The FAC fails to provide sufficient factual allegations to provide Pental

4    Granite with "fair notice" of what the claims are, what damages resulted, and the

5    grounds upon which they rest. *See Iqbal*, 556 U.S. 698–99 (citing *Twombly*, 550

6    U.S. at 555). In many places, the FAC provides only threadbare recitals to mirror

7    the elements of causes of action. When the FAC makes factual allegations, they

8    "are merely consistent with a defendant's liability," but stop "short of the line

9    between possibility and plausibility of entitlement of relief." *See id.* at 678. As

10   Plaintiff has unsuccessfully attempted to remedy the claims in the FAC, they should

11   be dismissed with prejudice.

12   **B.    Plaintiff's FAC Fails to State a Claim for Breach of Oral Contract.**

13       Plaintiff fails to make factual allegations to state plausibly the elements of a

14   breach of contract claim. To plead a claim for breach of contract, a plaintiff must

15   allege: (1) the existence of a contract; (2) his performance of the contract, or a

16   legally cognizable excuse for nonperformance; (3) defendant's breach; and (4)

17   resulting damage. *Grant v. Aurora Loan Services, Inc.*, 736 F. Supp. 2d 1257, 1266

18   (C.D. Cal. 2010) (citing *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th

19   731, 745, 108 Cal.Rptr.2d 23 (2001)). Plaintiff has failed to make factual

20   allegations showing the existence of a contract, that plaintiff performed its

21   obligations under the contract, or identifying its resulting damage. Plaintiff's

22   breach of contract claim is insufficient to survive a motion to dismiss. *See Iqbal*,

23   556 U.S. at 678.

24       1.    Plaintiff fails to allege the existence of an enforceable contract.

25            a.    Plaintiff fails to plead essential terms.

26       Even after amending, Plaintiff fails to allege the terms of a contract

27   adequately. "[I]n order to sufficiently plead breach of contract, Plaintiff must plead

28   the contract either by its terms, set out verbatim in the complaint and incorporated

therein by reference, or by its legal effect.  In order to plead a contract by its legal effect, Plaintiff must allege the substance of its relevant terms." *Lent v. J.P. Morgan Chase Bank, N.A.*, No. SACV 11-345 DOC RNBx, 2011 WL 5971190 (C.D. Cal. Nov. 29, 2011) (internal citations omitted).  "In order to satisfy federal pleading standards, a plaintiff must describe the alleged terms of the contract in a sufficiently specific manner to give the defendant notice of the nature of the claim." *Aspray v. Fed. Home Loan Mortg. Corp.*, No. CV 11-299 PSG DTBx, 2011 WL 1532326 (C.D. Cal. Apr. 20, 2011).  Plaintiff must identify enough terms of the contract with sufficient factual specificity to render its claim more than "a formalistic recitation of the elements" of a breach of contract claim.  *See Vaccarino v. Midland Nat'l Life Ins.*, No. CV 11–05858 CAS MANx, 2011 WL 5593883, at *7 (C.D. Cal. Nov. 14, 2011) (dismissing plaintiff's complaint for failure to identify specific terms or which terms were breached); *Rochester-Genesee Transp. Auth. v. Cummins Inc.*, No. 09-CV-6370 MAT, 2010 WL 2998768, at *4 (W.D.N.Y. Jul. 28, 2010) (stating "Plaintiff's complaint must contain, in non-conclusory language, the specific terms of the parties' contract").

In *Park v. Morgan Stanley & Co., Inc.*, No. 2:11-cv-9466-ODW (MRWx), 2012 WL 589653, at *1 (C.D. Cal. Feb. 22, 2012), the plaintiff sold variable annuities to investors in exchange for commission payments from the defendants. The plaintiff alleged that pursuant to a contract between the parties the commissions were determined by an applicable commission grid and that defendants breached the contract when they failed to pay commissions based on the entire amount of the compensation received for the annuities.  *Id.* at *1, *3.  This Court held that the plaintiff failed to "identify enough contractual terms with sufficient factual specificity to render his claim more than 'a formalistic recitation of the elements' of a breach of contract claim."  *Id.* at *3.  Because the plaintiff's breach of contract claim failed to give the defendants fair notice of the grounds upon which it rested, it was dismissed.  *Id.* at * 4.  *See also Liu v. Li*, No. EDCV

1    10-00952 ODW (AGR), 2012 WL 4286265 (C.D. Cal. Oct. 21, 2010) (holding,

2    "[e]ven if the Court imagines the existence of a contract in this case, the Complaint

3    does not provide notice as to the obligations said contract imposes on each

4    respective defendant," and granting a motion to dismiss the breach of contract

5    claim).

6        Plaintiff here is unable to allege the terms of the purported oral contract with

7    sufficient factual specificity to provide notice of the obligations imposed.  The FAC

8    indicates that the Pental Defendants and Plaintiff "had an agreement that Pental

9    Granite and Peter would start providing Plaintiff [stone] materials on a consignment

10   basis with Plaintiff remitting payment for the material by the end of the following

11   month after it was sold."  (FAC, ¶ 20).  The FAC provides absolutely no other

12   terms.  While the FAC asserts that Pental Granite agreed to "start providing"

13   materials on a consignment basis, it fails to identify how long Pental Granite was

14   supposedly obligated to allow this arrangement to continue.  The FAC also fails to

15   provide other terms, which would normally be part of such a contract if one existed,

16   including how Pental Granite was to be informed of a sale, how the payments for

17   the materials were to be calculated or determined, or the form and method by which

18   they were to be paid.  Without these terms, it is impossible for Pental Granite to be

19   cognizant of the scope of the claim against it. *See McAfee v. Francis*, No. 11-CV-

20   00821-LHK, 2012 WL 762118 (N.D. Cal. Mar. 6, 2012) (granting motion to

21   dismiss plaintiffs' breach of contract claims and stating, "the [Complaint] does not

22   identify the exact parties to each of the alleged contracts, and contains at best vague

23   allegations as to the amount Defendants promised to pay Plaintiffs); *see also Perez*

24   *v. Ocwen Loan Servicing, LLC*, No. 10 CV-1403-JLS (WVG), 2011 WL 2680503,

25   at *2 (S.D. Cal. July 8, 2011) (holding that plaintiff's breach of contract claim was

26   not plausible in part where plaintiff neglected to identify a specific contractual

27   provision).  As Plaintiff has admitted that it can identify no more terms, the breach

28   of contract claim should be dismissed with prejudice.  (FAC, ¶ 20.)

b.     Plaintiff fails to plead anything more than an illusory promise.

The vague allegations contained in the FAC do not describe an enforceable contract.  In order for a contract to be enforceable under California law, it must impose binding obligations on each party.  *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 996 (9th Cir. 2002) (citing *Bleecher v. Conte*, 29 Cal.3d 345, 350 (1981)).  The California Supreme Court has held that "if one of the promises leaves a party free to perform or to withdraw from the agreement at his own unrestricted pleasure, the promise is deemed illusory." *Id.* (citing *Mattei v. Hopper,* 51 Cal.2d 119, 122 (1958)).  Here, the FAC alleges that Pental Granite would supply Plaintiff with stone materials on a consignment basis, at no specific price, with no minimum or maximum number of units required or any indication that there would, at any point, be a minimum or maximum number required.  (FAC, ¶ 20, 31).  Plaintiff was free to withdraw from the agreement at its own unrestricted pleasure.  It could choose not to by any stone products or to buy them from other vendors instead of Pental Granite if it preferred to do so.  Thus, the Court should deem the promise illusory and the alleged contract unenforceable for lack of consideration, and the breach of contract claim should be dismissed.  *See Mattei*, 51 Cal.2d at 122.

2.     Plaintiff fails to allege facts showing that it performed its obligations under the purported contract.

Plaintiff not only fails to allege a contract, but it also fails to allege sufficiently that it performed its obligations under such a contract.  *Grant*, 736 F. Supp. 2d at 1266; *see also* California Civil Code Section 1439 ("Before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself."); *Wise v. Wells Fargo Bank, N.A.*, No. CV 1-8586 CBM PJWX, 2012 WL 1058887 (C.D. Cal. Mar. 23, 2012) (holding that plaintiff's allegation that it made some, but not all, payments due under mortgage was fatal to its breach of contract claim).

In its original Complaint, Plaintiff formulaically alleged that it:

performed its obligations under the contract, except for those obligations of performance which have been precluded and/or excused by Pental Granite's and Peter's breaches

(Compl., ¶ 28).

Recognizing that this was no more than a "[t]hreadbare recital[] of [an] element[] of a cause of action," insufficient to withstand scrutiny as per *Iqbal*, Plaintiff attempted to enhance its allegations in the FAC. *See Iqbal*, 556 U.S. at 678. It claims its performance of the contract included:

purchasing Chroma Quartz from Pental Granite and Peter, and creating and increasing the market demand for the products, not just the brand. Plaintiff also <u>made payments</u> to Pental Granite and Peter for the Chroma Quartz products that were sold up until Pental Granite and Peter breached the contract.

(FAC, ¶ 34) (emphasis added).

Examination of these allegations reveals that Plaintiff "stops short" of alleging actual performance. *See Iqbal*, 556 U.S. 678. The FAC states that the supposed agreement was only that "Pental Granite and Peter would start providing Plaintiff [stone] materials on a consignment basis with Plaintiff remitting payment for the material by the end of the following month after it was sold." (FAC, ¶ 20). Plaintiff makes clear that there are "[n]o additional relevant terms of the contract." (FAC, ¶ 20, 31). While Plaintiff alleges that it engaged in activity that was not required by the supposed contract, such as marketing, Plaintiff does not allege that it performed its only stated requirement: <u>remitting payment for all materials received by the end of the following month after they were sold</u>. Plaintiff attempts to create the illusion that it performed its obligations by saying it "made payments" to Pental Granite. However, this is far different than saying that Plaintiff remitted all amounts due to Pental Granite by the end of the following month after the stone products were sold until January 2012 (the date of the breach as alleged by Plaintiff). (FAC, ¶ 27). Plaintiff was aware from the Motion previously filed by

Pental Granite that this allegation was missing, but because Plaintiff could not in good faith make the necessary allegation, it attempted to circumnavigate it. Because Plaintiff is unable to allege performance, its breach of oral contract claim should be dismissed with prejudice.

3.      Plaintiff fails to allege resulting damage sufficiently.

Plaintiff also fails to allege the final damages element of a breach of oral contract claim sufficiently.  In *Dorian v. Harich Tahoe Dev.*, No. C-94-3387 DLJ, 1996 WL 925859 (N.D. Cal. Jan. 16, 1996), the plaintiffs purchased timeshares in Nevada and sued corporations involved in the timeshares' development and sale for breach of contract when the plaintiffs could not resell or rent them profitably.  The court found that:

> plaintiffs' First Amended Complaint fails to state how plaintiffs suffered damages as a result of a breach of contract.  Plaintiffs merely make the conclusory assertion that they incurred $700,000,000 worth of damages '[b]y reason of defendants' breach of contract.'  Plaintiffs have failed to allege how any specific conduct by defendants proximately caused them to lose $700,000,000.

*Id.* at *6 (internal citation omitted).  The court granted defendants' motion to dismiss the claim.

In this case, Plaintiff does not allege the damage it suffered as a result of any breach of contract with sufficient specificity to put Pental Granite on notice of the scope of the claims against it.  In its FAC, Plaintiff makes the conclusory allegation that "as an actual, direct, and proximate cause of Pental Granite and Peter's breach of the oral agreement, Plaintiff has suffered damages in an amount according to proof at trial." (FAC, ¶ 34).  At no point does Plaintiff provide factual allegations concerning any damage resulting from the supposed breach.  Plaintiff's nonspecific

1  allegations of harm are insufficient to state a claim. *See Twombly*, 550 U.S. at 570.

2  Thus, Plaintiff's breach of oral contract claim should be dismissed with prejudice.

3  **C.    Plaintiff's FAC Fails to State a Claim for Breach of Covenant of Good**
4  **Faith and Fair Dealing.**

5  Plaintiff's claim for breach of covenant of good faith and fair dealing fails for

6  two reasons.  First, this claim requires that Plaintiff sufficiently plead the existence

7  of a contract, which Plaintiff fails to do, as discussed above.  Second, even if the

8  breach of contract claim were sufficient, the claim for breach of the covenant of

9  good faith and fair dealing would be flawed as it does not include the requisite bad-

10  faith element to make it distinguishable from the breach of contract claim. *See U.S.*

11  *Bank National Association v. PHL Variable Ins. Co.*, No. 2:11-cv-09517-ODW

12  (RZ), 2012 WL 1525012 (C.D. Cal. April 26, 2012).  In order to determine whether

13  a plaintiff's good faith and fair dealing claim is duplicative of its breach of contract

14  claim, "the Court should determine if two claims are distinguishable based on the

15  same facts, and if they cannot be distinguished, then 'the natural conclusion is that

16  they are duplicative.'" *Id.* (citing *Celador Int'l Ltd. v. Walt Disney Co.*, 347

17  F.Supp.2d 846, 851 (C.D. Cal 2004).  A breach of the covenant of good faith and

18  fair dealing involves something beyond a breach of contract; it has been held that

19  bad faith implies unfair dealing rather than mistaken judgment. *Id.* (quoting *Trinity*

20  *Hotel Investors, LLC v. Sunstone OP Props., LLC*, No. SACV 07-1356 AHS

21  (MLGx), 2009 WL 303330, at *11 (C.D. Cal. Feb. 6, 2009).

22  Plaintiff attempts to distinguish this claim from its breach of contract claim

23  by alleging that "[Pental Defendants] engaged in the acts complained of herein to

24  take advantage of the good will [sic] and customer demand for the products, not the

25  brand, created by Plaintiff in the Los Angeles region and to commence sale of the

26  products themselves." (FAC, ¶ 39).  However, Pental Granite's alleged desire to

27  sell stone products within Los Angeles —which Plaintiff admits was the purpose of

28  the agreement in the first place—cannot be characterized as bad faith.  Plaintiff

1  alleges that Pental Granite's motivation from as early as mid-2009 was to
2  "maximize sale of Vicostone's products in the Los Angeles market." (FAC, ¶ 21).
3  If Pental Granite sought to continue to do this, it would not "frustrate and
4  disappoint the reasonable expectations of the other party." *See Celador*, F.Supp.2d
5  at 851–52. Additionally, Plaintiff does not allege that the supposed contract
6  between it and Pental Granite contained any terms preventing Pental Granite from
7  selling stone products in Los Angeles, particularly under different brand names or
8  after Plaintiff failed to pay Pental Granite. (FAC, ¶ 20, 31). Plaintiff, thus, fails to
9  make sufficient allegations to distinguish its breach of contract claim from its
10 breach of covenant of good faith and fair dealing claim.

11      Plaintiff's good faith and fair dealing claim is either reliant on an insufficient
12 breach of contract claim, or completely duplicative of its breach of contract claim,
13 and in either case, it must be dismissed.

14 **D.    Plaintiff's FAC Fails to State a Claim for Breach of Implied Contract.**
15      The essential elements of an implied-in-fact contract and an express contract
16 are the same. *Chandler v. Roach*, 156 Cal.App.2d 435, 440 (1957). "The only
17 distinction between an implied-in-fact contract and an express contract is that, in
18 the former, the promise is not expressed in words but is implied from the
19 promisor's conduct. Under the theory of a contract implied in fact, the required
20 proof is essentially the same as under [an] express contract with the exception that
21 conduct from which the promise may be implied must be proved." *Id.* (internal
22 citation omitted). As discussed above, Plaintiff has failed to make factual
23 allegations to sufficient to infer the existence of an enforceable contract, that
24 Plaintiff performed its obligations under the contract, or that it suffered damage as a
25 result of a breach of contract. Plaintiff's breach of implied contract claim is
26 therefore insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

27      Plaintiff's claim for breach of an implied contract is also duplicative of its
28 breach of oral contract claim and should be rejected. There cannot be an implied

contract where there is an express agreement covering the same subject matter. *Lance Camper Mfg. Corp. v. Republic Indemnity Co. of Am.*, 44 Cal.App.4th 194, 203 (Cal.App. 1st Dist.1996). "[A plaintiff] must allege that the express contract is void or was rescinded in order to proceed with its quasi-contract claim. *Id.* (citing *Lloyd v. Williams*, 227 Cal.App.2d 646, 649 (1964)). Here, Plaintiff does not allege that the purported oral contract, the supposed breach of which is the focus of this lawsuit, is void or was rescinded. Thus, Plaintiff's claim for breach of an implied contract should be dismissed.

**E.  Plaintiff's FAC Fails to State a Claim for Unjust Enrichment for Supplies Received.**

In the FAC, Plaintiff attempts to allege that Pental Granite was somehow unjustly enriched when Plaintiff voluntarily returned leftover inventory in an attempt to settle up with Pental Granite.  Plaintiff's claims for unjust enrichment must also fail.

There is a split among California courts as to whether unjust enrichment is itself a cause of action, or instead a remedy available under other causes of action. *Compare Jogani v. Superior Court*, 165 Cal.App.4th 901, 911 (Cal.App.2d Dist.2008) (stating affirmatively that "unjust enrichment is not a cause of action."), *with Lectodryer v. Seoulbank*, 77 Cal.App.4th 723, 726, (2000) (allowing an independent claim of unjust enrichment to stand).  If this Court determines that unjust enrichment is not a separate claim, which may stand on its own, then it should be dismissed summarily.

Alternatively, assuming that unjust enrichment is an independent claim, in order to survive a motion to dismiss, Plaintiff must plead receipt of a benefit and unjust retention of the benefit at the expense of another, which it fails to do in its Complaint. *Kazovsky v. Metrocities Mortg., LLC*, No. CV 11–06079–ODW (FMOx), 2012 WL 177333, at *4 (C.D. Cal. Jan. 23, 2012); *see also Lectodryer*, 77 Cal.App.4th at 726.  Unjust enrichment is "the result of a failure to make restitution

1  under circumstances where it is equitable to do so." *Melchior v. New Line*

2  *Productions, Inc.*, 106 Cal.App.4th 779, 793 (Cal.App.2d Dist.2003) (quoting

3  *Lauriedale Assoc., Ltd. v.* Wilson, 7 Cal.App.4th 1439, 1448 (Cal.App. 1st

4  Dist.1992)). Because Pental Granite has not received any benefit from Plaintiff's

5  alleged actions and has not unjustly retained any benefit, there is no need for

6  equitable intervention. *See Casden Builders Inc. v. Entre Prises USA, Inc.*, No. CV

7  10-2353 ODW (CWx), 2010 WL 2889496, at *7 (C.D. Cal. July 21, 2010) (stating

8  that this Court need not reach the issue of whether unjust enrichment is an

9  independent claim because the plaintiffs failed to allege that the defendant had

10 received any benefit to plaintiffs' detriment); *see also Kazovsky*, 2012 WL 177333,

11 at *4 (dismissing plaintiff's unjust enrichment claim due to plaintiff's failure to

12 plead sufficient factual assertions that payments it made to defendant were unjustly

13 retained at plaintiff's expense).

14     According to the allegations of the FAC, during the time in which Plaintiff

15 dealt in the stone products at issue, it acquired inventory and samples in order to

16 effect sales for its own benefit. (FAC, ¶ 43, 50). After it stopped obtaining stone

17 products from Pental Granite, Plaintiff voluntarily agreed to turn over the inventory

18 and samples to Pental Granite. Plaintiff alleges that it "returned a lot of inventory

19 and samples to them," and that "Pental Granite and Peter *may* use, reuse, sell, or

20 otherwise utilize the returned inventory and samples." (FAC, ¶ 51) (emphasis

21 added). Plaintiff does not allege that it had a use for these samples or derived any

22 benefit from them. While Plaintiff has alleged that Pental Granite "may" use the

23 stone products, there is no allegation that Pental Granite is actually deriving a

24 benefit from their return.

25     Due to Plaintiff's willingness to return the materials after it ceased to sell

26 them, and the absence of any allegation that Pental Granite is using the returned

27 inventory and samples, it cannot be said that Pental Granite has unjustly retained

28 any benefit at the expense of Plaintiff. Moreover, as Plaintiff has not alleged that it

1   has paid all amounts that it owes to Pental Granite, there is no indication that

2   retention of the inventory and samples by Pental Granite is unjust.  Plaintiff fails to

3   allege any circumstances that would necessitate the imposition of an equitable

4   remedy.  This claim should be dismissed.

5   **F.    Plaintiff's FAC Fails to State a Claim for Unjust Enrichment for the**

6   **       Benefit of Marketing Payments.**

7           The arguments regarding whether unjust enrichment is an independent claim,

8   and whether the FAC factually alleges that equity requires Pental Granite to

9   compensate Plaintiff when Plaintiff has not alleged performance of its obligations

10  to Pental Granite, apply with equal force to Plaintiff's claim for unjust enrichment

11  for the benefit of marketing payments.

12          In addition, Plaintiff's clearly-pled motivation for expending sums on

13  advertising and marketing of the stone products at issue belies its claim for unjust

14  enrichment.  Taking Plaintiff's allegations as true, "Plaintiff expended nearly

15  $500,000 in marketing and advertising expenses to develop and expand the demand

16  for [stone] products in the greater Los Angeles region," and "<u>Plaintiff intended</u>

17  <u>these expenses to benefit itself as well as Pental Granite and Peter</u>."  (FAC, ¶ 54)

18  (emphasis added).  Because Plaintiff intended for its expenditures to benefit Pental

19  Granite, Plaintiff cannot now claim that retention of such a benefit is somehow

20  unfair.  *See Lectodryer*, 77 Cal.App.4th at 726; *Kazovsky*, 2012 WL 177333, at *4.

21          In *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 49 F. Supp. 2d 298, 302

22  (S.D.N.Y. 1999), the plaintiff distributor alleged that the defendant manufacturer

23  had been unjustly enriched because the defendant had re-entered the North

24  American market, after terminating plaintiff, in a more advantageous position than

25  it would have been in without plaintiff's maintenance of customer service and

26  relations for a certain brand of Italian furniture.  The plaintiff in *Gidatex* alleged

27  that its efforts increased the goodwill associated with defendant's brand, and that by

28  defendant's entering plaintiff's former territory with new distributors, the defendant

had unfairly benefited from plaintiff's marketing efforts at the plaintiff's expense. In disposing of the plaintiff's claim, the court stated:

> Here, [plaintiff's] claim makes no economic sense. It asserts that its efforts, undertaken of its own free will . . . have been detrimental to [plaintiff], *i.e.,* enriching [defendant] at [plaintiff's] own expense. Such behavior is logically inconsistent: good business sense would indicate that [plaintiff] continued to support the mark because it continued to sell the furniture and because it wished to ensure that its customers would continue to purchase furniture at its stores. Any benefit to [defendant] was a by-product.

*Gidatex, S.r.L.*, 49 F. Supp. 2d at 302. For the same reasons the *Gidatex* court noted, Plaintiff's claim for unjust enrichment makes no sense. It is not possible for Plaintiff to plead its own receipt of a benefit, and at the same time, the unjust retention of the benefit by another.

Finally, Plaintiff's allegation that it believes that Pental Defendants intend to enter the Los Angeles market to sell stone products, "although branded under a new name," is self-defeating of its claim. Plaintiff cannot stake a claim to all sales of similar stone products in Los Angeles henceforth simply because it supposedly expended money and efforts to market its own sales of a different name brand of stone products. This is not a situation that requires equitable intervention. Therefore, this claim must fail and should be dismissed.

## G. Plaintiff's FAC Fails to State a Claim for Common Counts of Work and Labor (Services)

"A common count is not a specific cause of action []; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory." *McBride v. Boughton*, 123 Cal.App.4th 379, 394 (2004). "When a common count is used as an alternative way of seeking the same recovery demanded in a specific [claim], and is based on the same facts, it does not survive if

the underlying claim does not survive." *Mar Partners 1, LLC v. Am. Home Mortg. Servicing, Inc.*, No. C 10-02906 WHA, 2011 WL 11501, at *4 (N.D. Cal. Jan. 4, 2011) (quoting *McBride*, 123 Cal.App.4th at 394) (internal quotations omitted); *see also Mitchell v. Nat'l Auto. & Cas. Ins. Co.*, 38 Cal.App.3d 599, 606 (Ct. App. 1974) (stating "[i]t is settled that when a common count is based upon the same facts specifically pleaded in another count which is subject to demurrer, the common count is likewise subject to demurrer"). Plaintiff's common count claim is derivative of its unjust enrichment for the benefit of marketing payments claim, and thus, its common count claim rises and falls with that claim. Because Plaintiff cannot plead that Pental Granite received a benefit and unjustly retained that benefit at the expense of Plaintiff, Plaintiff's common count claim should be dismissed.

**H.     Plaintiff's FAC Fails to State a Claim for Unfair Business Practices.**

Plaintiff's claim for unfair business practices pursuant to California Business and Professions Code section 17200 also fails to meet the minimum pleading standards required under *Iqbal* and *Twombly*. Plaintiff conclusorily asserts that "Pental Granite and Peter have engaged in unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code section 17200." (FAC, ¶ 62). Plaintiff fails to state whether Pental Granite's actions were unlawful, unfair, or fraudulent, and therefore, the FAC falls short of the requirements of Rule 8(a)(2). *Kazovsky*, 2012 WL 177333 at *7 (holding "Plaintiff's failure to allege whether Defendants' actions were unlawful, unfair, fraudulent, or some combination thereof, falls short of the requirements of Rule 8(a)(2)."); *see e.g.*, *Clark v. Countrywide Home Loans, Inc.*, 732 F.Supp.2d 1038, 1050 (E.D. Cal. 2010) (finding the plaintiff's section 17200 claim deficient because the plaintiff's allegations did not specify which of the three unfair competition prongs defendants violated).

To allege unlawful conduct, unfair competition law "incorporates other laws and treats violations of those laws as unlawful business practices independently

actionable under state law." *Id.* "An act is 'unfair' if the act threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law . . . . A practice is 'fraudulent' if members of the public are likely to be deceived." *Quintero Family Trust v. OneWest Bank, F.S.B.*, No. 09-CV-1561-IEG (WVG), 2010 WL 392312, at *12 (S.D. Cal. Jan. 27, 2010) (quoting *Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F.Supp.2d 1012, 1019 (N.D. Cal. 2009)). Additionally, allegations of fraudulent conduct under section 17200 must satisfy the heightened pleading requirements of Rule 9(b). *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–05 (9th Cir. 2003). Here, Plaintiff makes no attempt to identify which of these prongs it believes Pental Granite has violated, and as a consequence, this claim should be dismissed.

If Plaintiff attempts to base its unfair business practices claim on its faulty breach of contract claim, Plaintiff's claim for violation of section 17200 is "left without a basis on which to stand, for the reasons discussed above." *See Park*, 2012 WL 589653, at *4. (citing *Morales v. Chase Home Fin.* LLC, No. 10-02068 JSW, 2011 WL 1670045, at *11 (N.D. Cal. Apr. 11, 2011) (dismissing the plaintiff's section 17200 claim because it was predicated on an insufficient breach of contract action)). Plaintiff's reliance on its breach of contract claim is also flawed because Plaintiff has not alleged that the breach constitutes conduct that is independently unlawful, unfair, or fraudulent. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008).

Moreover, in order to state a claim for violation of section 17200, a plaintiff must allege that: (1) it has lost money or property sufficient to constitute an injury in fact under Article III of the United States Constitution; and (2) there is a causal connection between the defendant's alleged violation and the plaintiff's injury in fact. *See Rubio v. Capital One Bank*, 613 F.3d 1195, 1203–04 (9th Cir. 2010). In *Robins v. Spokeo, Inc.*, the plaintiff's complaint alleged that reports generated by

1   the defendant contained inaccurate consumer information, which was marketed to

2   entities performing background checks, and that these inaccurate reports had

3   "caused actual harm to plaintiff's employment prospects." *Robins v. Spokeo, Inc.*,

4   No. CV10-05306-ODW (AGRx), 2011 WL 1793334, at *1 (C.D. Cal. May 11,

5   2011). As a result of the defendant's actions, the plaintiff contended that he had

6   "suffered economic injury in the form of lost income during his period of

7   unemployment." *Id.* at *3. In determining whether the plaintiff's allegations were

8   sufficient to demonstrate a causal connection between the defendant's alleged

9   violation and the plaintiff's injury in fact, this Court stated, "Plaintiff's conclusory

10  allegations that Defendant's conduct has harmed his employment prospects are

11  insufficient. While, at this stage the Court is required to accept allegations

12  contained in the Complaint as true, mere labels and conclusions will not do." *Id.* at

13  *3 (citing *Lee v. City of L.A.*, 250 F.3d at 688; *Twombly*, 550 U.S. at 555).

14       Plaintiff has not alleged the existence of an injury in fact, nor has it shown a

15  causal connection between Pental Granite's purported violation and any damages it

16  has suffered. There is no indication given in the FAC as to what harm Plaintiff

17  claims as a result of Pental Granite's purported section 17200 violation. Thus, the

18  section 17200 claim should be dismissed.

19                    **IV.   CONCLUSION**

20       For all of the foregoing reasons, Pental Granite respectfully requests that the

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    Court grant this Motion and dismiss all claims against it with prejudice.

2

3                                          Respectfully submitted,

4    DATED:  July 13, 2012                **PERKINS COIE LLP**

5

6                                          By: /s/ Katherine M. Dugdale
                                               Katherine Dugdale

7                                          Attorneys for Defendants
                                           PENTAL GRANITE AND MARBLE,
8                                          INC. and STYLENQUAZA LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28