Audra Mori, Bar No. 162850
AMori@perkinscoie.com
Katherine Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
Holly M. Simpkins (admitted *pro hac vice*)
HSimpkins@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:   310.788.9900
Facsimile:    310.788.3399

Attorneys for Defendant and Counterclaimant
PENTAL GRANITE AND MARBLE, INC. and
Defendant PETER PENTAL

Sarah R. Wolk, Bar No. 251461
srw@wltlawyers.com
Jessica N. Trotter, Bar No. 251457
jnt@wltlawyers.com
WOLK LEVINE & TROTTER, LLP
550 n. Brand Blvd., Suite 625
Glendale, CA  91203
Telephone:  818.241.7499
Facsimile:   323.892.2324

Attorneys for Plaintiff and Counterdefendant
STONEVILLE USA, INC. and Counterdefendant
RAVI K. RAJ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONEVILLE USA, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>PENTAL GRANITE AND MARBLE, INC., a Washington corporation; PETER PENTAL, an individual; DOES 1-20, inclusive,<br><br>                    Defendants. | Case No. 12-cv-4962-ODW (JCGx)<br><br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER** |

PENTAL GRANITE AND MARBLE,
a Washington corporation,

                Counterclaimant,

      v.

STONEVILLE USA, INC., a
California corporation. AND RAVI K.
RAJ, an individual,

                Counterdefendants

Having received and considered the parties' Stipulation for Entry of Protective Order, and good cause appearing,

THE PARTIES ARE HEREBY ORDERED to abide by the terms and conditions agreed upon in the Stipulation as follows:

1.     This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2.     In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a party shall make such a designation of CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for RECORDS which that party in good faith believes contain information which is not public, such as confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by

agreement or law.  "CONFIDENTIAL MATERIAL" includes but is not limited to information which, if disclosed, would be adverse to either party's respective business advantages against their competitors.  For a designation of RECORDS as "RESTRICTED MATERIAL," the party must additionally believe in good faith that the RECORDS must be protected from disclosure to the parties themselves in this litigation and must be subject to the restricted disclosure provided for below because such RECORDS are comprised of and/or contain highly sensitive competitive business information.  CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall be used solely for the purpose of conducting this litigation.

3.     RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

a.     the attorneys working on this action on behalf of any party, including in-house attorneys;

b.     any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

c.     any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

d.     any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

e.     any witnesses who appear for deposition in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

f.     the Court.

4.     RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

a.     the attorneys working on this action on behalf of any party, excluding in-house attorneys;

b.     any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

c.     any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

d.     any witnesses who appear for deposition in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

e.     the Court.

5.     The persons described in paragraphs 3(d) and 4(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT."  A list shall be prepared by counsel for the parties hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. The other persons described in paragraphs 3 and 4 shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT."  Similar but separate lists shall also be prepared with respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided

by third parties.  At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request.  The persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL are enjoined from disclosing it to any other person, except in conformance with this Order.  This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

6.     Each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL under this Order and had agreed to be bound by its terms, hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

7.     The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Order and has agreed to be bound by its terms shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

8.     Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

a.     In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL."

b.     In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the

record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within twenty-one (21) days after counsel's receipt of the transcript.

c.      the "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" designation should be used as sparingly as possible and placed on or next to only the specific item or portion of a document or transcript that is designated as such.

9.      If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection for such material under this Order.  Upon timely correction of a designation, the recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

10.      A party that seeks to file any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL must comply with Civil Local Rule 79-5.1.

11.      A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but must comply fully with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the

1   party making such designation.

2          12.    Nothing in this order shall preclude any party to the lawsuit, their

3   attorneys or any other person from disclosing or using, in any manner or for any

4   purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are

5   lawfully obtained from a third party, even though the same RECORDS may have

6   been produced in discovery in this lawsuit and designated as CONFIDENTIAL

7   MATERIAL or RESTRICTED MATERIAL.

8          13.    Nothing in this order shall preclude any party to the lawsuit or their

9   attorneys (a) from showing RECORDS designated as CONFIDENTIAL

10  MATERIAL or RESTRICTED MATERIAL to an individual who either prepared

11  or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing

12  or using, in any manner or for any purpose, RECORDS from the party's own files

13  which the party itself has designated as CONFIDENTIAL MATERIAL or

14  RESTRICTED MATERIAL.

15         14.    If information subject to a claim of attorney-client privilege, attorney

16  work product or any other legal privilege protecting such information from

17  discovery is inadvertently produced to a party or parties, such production shall not

18  constitute a waiver of any claim of privilege, work product or other ground for

19  withholding production to which the producing party or other person otherwise

20  would be entitled.  If a claim of inadvertent production is made pursuant to this

21  paragraph, with respect to information then in the custody of another party, such

22  party promptly shall return to the claiming party or person that material and all

23  copies or reproductions thereof as to which the claim of inadvertent production has

24  been made.

25         15.    Within sixty (60) days of the termination of litigation between the

26  parties, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and

27  all copies thereof, except such copies which have been filed with the Court, utilized

28  in accordance with this Order, or which are and will continue to be maintained in a

1    secure place pursuant to the continuing obligations of this Order, shall be returned

2    to the party which produced it or shall be destroyed.

3          16.    Except as specifically provided herein, the terms, conditions and

4    limitations of this Order shall survive the termination of this action at the option of

5    the designating party.

6          17.    This Order is without prejudice to the right of any party to seek relief

7    from the Court, upon good cause shown, from any of the provisions contained in

8    paragraphs 1 through 14, inclusive hereof.

9          IT IS SO ORDERED.

10

11   DATED:  December 18, 2012

12

13                                    By:  _____

14                                         Honorable Jay C. Gandhi
                                           UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A C K N O W L E D G E M E N T

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was entered by the Court on December _____, 2012 in <u>Stoneville USA, Inc. v. Pental Granite and Marble, Inc. et al.,</u> Case No. 12-cv-04962-ODW(JCGx), that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated:  _____, 20___

**PROOF OF SERVICE**

I, Ivone Vasquez, declare:

I am a citizen of the United States and employed in <u>Los Angeles</u> County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1888 Century Park E., Suite 1700, Los Angeles, California  90067-1721.  On December 14, 2012, I served a copy of the within document(s):

**PROPOSED STIPULATED PROTECTIVE ORDER**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a <u>FEDERAL</u> EXPRESS agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Ms. Sarah R. Wolk, Esq.
Wolk Levine & Trotter, LLP
550 N. Brand Blvd., Suite 620
Glendale, CA 91203
Phone: (818) 241-7499
Fax: (323) 892-2324
Email: srw@wltlawyers.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

74931-0006/LEGAL25148470.1

-10-

1         I declare that I am employed in the office of a member of the bar of this court

2    at whose direction the service was made.

3         I declare under penalty of perjury under the laws of the State of California

4    that the above is true and correct.

5         Executed on December 14, 2012, at Los Angeles, California.

6

7    

8                          Ivone Vasquez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28